IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FATHER JESUS** § | | **PLAINTIFF** |
| § | | |
| v. § | | **Civil No. 1:22-cv-204-HSO-BWR** |
| § | | |
| **GRAY MEDIA GROUP, INC.,** § | | |
| *successor-by-merger to WLOX,* § | | |
| *LLC, f/k/a* **RAYCOM MEDIA, INC.** § | | **DEFENDANT** |

## ORDER STRIKING PLAINTIFF'S SECOND AMENDED COMPLAINT [21]

This matter is before the Court sua sponte for consideration of the Second Amended Complaint [21] filed by Plaintiff Father Jesus on August 15, 2022, without first obtaining leave of Court or the opposing party's written consent. For the reasons that follow, the Court will strike this unauthorized pleading.

### I. BACKGROUND

Plaintiff Father Jesus ("Plaintiff") filed a pro se Complaint [1-1] in the Circuit Court of Harrison County, Mississippi, First Judicial District on July 7, 2022, naming as Defendant Grey Television Inc. Compl. [1-1] at 1. On August 5, 2022, Defendant removed the case to this Court, invoking diversity of citizenship jurisdiction and explaining that Plaintiff incorrectly named it. Not. [1] at 1 n.1.

On August 8, 2022, Plaintiff filed a First Amended Complaint [4] within 21 days after the case was removed, identifying Gray Media Group, Inc., f/k/a Raycom Media, Inc., successor by merger to WLOX, LLC ("Gray Media Group, Inc.") as the correct Defendant. 1st Am. Compl. [4].

On August 12, 2022, Defendant Gray Media Group, Inc. filed a Motion [11] to Dismiss Plaintiff's claims against it. Mot. [11]. On August 15, 2022, Plaintiff filed a Response [17] in Opposition, but simultaneously filed a Second Amended Complaint [21]. Plaintiff has not submitted any evidence that he obtained the written consent of the opposing party to file his Second Amended Complaint, nor did he obtain leave of Court before doing so. *See* Fed. R. Civ. P. 15(a)(2).

## II.  DISCUSSION

A.  Relevant legal authority

Federal Rule of Civil Procedure 15(a) provides in relevant part as follows:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. *In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.* The court should  freely  give leave when  justice  so requires.

Fed. R. Civ. P. 15(a)(1)-(2) (emphasis added). Rule 7(b)(1) provides that

> [a] request for a court order must be made by motion. The motion must:
> (A) be in writing unless made during a hearing or trial;
> (B) state with particularity the grounds for seeking the order; and
> (C) state the relief sought.

Fed. R. Civ. P. 7(b)(1).

Similarly, Local Uniform Civil Rule 7(b) provides that

> [a]ny written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule.

L.U. Civ. R. 7(b). "[A] proposed amended pleading must be an exhibit to a motion for leave to file such pleading." L.U. Civ. R. 15.

B.     Analysis

Plaintiff has impermissibly filed a Second Amended Complaint [21], without obtaining the opposing party's consent or this Court's authorization. *See* Fed. R. Civ. P. 15(a)(1)-(2). Because Plaintiff had already filed one amended pleading as a matter of course, *see* 1st Am. Compl. [4], he was not permitted to do so again without either the opposing party's consent or leave of Court, *see* Fed. R. Civ. P. 15(a)(1)-(2). Although Rule 15(a)(1)(A) and (B) details two scenarios under which a party may file an amended pleading as a matter of course, the Rule only permits one such amendment as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(A), (B). Because Plaintiff had already proceeded once under Rule 15(a)(1)(A) and filed a previous amended pleading, he was not permitted by the Rule to also proceed under Rule 15(a)(1)(B). *See id.*; *see also Mark's Airboats, Inc. v. Thibodaux*, No. 6:13-0274, 2013 WL 6780529, at *3 (W.D. La. Dec. 19, 2013).

To the extent Plaintiff may be seeking the Court's leave to file another amended complaint, he has not filed a written motion in accordance with the Federal Rules of Civil Procedure and the Local Uniform Civil Rules of this Court. *See* Fed. R. Civ. P. 7(b)(1); L.U. Civ. R. 7(b); L.U. Civ. R. 15. Although Plaintiff is proceeding pro se in this matter, failure to follow local court rules constitutes a sufficient basis to deny leave to amend. *G.M. ex rel. Lopez v. Shelton*, 595 F. App'x 262, 267 (5th Cir. 2014) ("[W]e have previously held that failure to

follow local court rules is a basis for upholding a district court's denial of leave to amend.") (citing *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979)).

Should Plaintiff desire to file a Second Amended Complaint, he must file with the Clerk of Court a written motion seeking leave of Court to do so, along with the attached proposed Second Amended Complaint, or obtain the written consent of the opposing party and file the Second Amended Complaint, within 14 days of entry of this Order. If Plaintiff fails to file within the time afforded such a motion for leave with the attached proposed amended pleading or an amended pleading evidencing the opposing party's written consent, the Court will consider the First Amended Complaint [4] as the operative pleading and will proceed to consider Defendant Gray Media Group, Inc.'s Motion to Dismiss [11] on its merits.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the unauthorized Second Amended Complaint [21] filed by Plaintiff Father Jesus on August 15, 2022, is **STRICKEN** from the record.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, should Plaintiff Father Jesus desire to file a Second Amended Complaint, he must file with the Clerk of Court a written motion seeking leave of Court to do so, along with the attached proposed Second Amended Complaint, or obtain the written consent of the opposing party and file the Second Amended Complaint, **within 14 days of entry of this Order.** Plaintiff is cautioned that should he fail to do so, the Court will

consider the First Amended Complaint [4] as the operative pleading and will proceed to consider Defendant Gray Media Group, Inc.'s Motion to Dismiss [11] on its merits.

**SO ORDERED AND ADJUDGED**, this the 16th day of August, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE