# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **FATHER JESUS** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:22-cv-204-HSO-BWR |
| | § | |
| **GRAY MEDIA GROUP, INC.,** | § | |
| *successor-by-merger to WLOX,* | § | |
| *LLC, f/k/a* **RAYCOM MEDIA, INC.** | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION [39] TO DISMISS AND DENYING PLAINTIFF'S MOTION [5] FOR AN INJUNCTION

BEFORE THE COURT are a Motion [39] to Dismiss, filed by Defendant Gray Media Group, Inc., successor-by-merger to WLOX, LLC, f/k/a Raycom Media, Inc., and a Motion [5] for an Injunction, filed by Plaintiff Father Jesus. After due consideration of the Motions, the pleadings, and relevant legal authority, the Court finds that Defendant's Motion [39] should be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and that Plaintiff's Motion [5] should be denied. This case will be dismissed with prejudice.

## I. BACKGROUND

A. <u>Factual background</u>

Plaintiff Father Jesus ("Plaintiff") "is a licensed minister and founder of The Saints of the Most High religious group" which he contends is a business that "has served the [Harrison County, Mississippi] community for years." 1st Am. Compl. [4] at 2; 2d Am. Compl. [37] at 9. Plaintiff claims that Gray Media Group, Inc., successor-by-merger to WLOX, LLC, f/k/a Raycom Media, Inc. ("Gray Media" or

1

"Defendant") "refused to advertise the Plaintiff's religious based content" despite "multiple requests" by Plaintiff to do so. 1st Am. Compl. [4] at 2; 2d Am. Compl. [37] at 9. He avers that Gray Media has an advertising monopoly in Mississippi and has engaged in "anti[-]competitive and deceitful conduct" that has denied "Plaintiff and other religious content creators[] advertising opportunities." 1st Am. Compl. [4] at 2; 2d Am. Compl. [37] at 8. Plaintiff maintains that Gray Media's actions have caused him "serious damage." 1st Am. Compl. [4] at 3; 2d Am. Compl. [37] at 10.

B.  Procedural history

Plaintiff filed a pro se Complaint [1-1] in the Circuit Court of Harrison County, Mississippi, First Judicial District on July 7, 2022, incorrectly naming as Defendant Grey Television Inc. Compl. [1-1] at 1. On August 5, 2022, Defendant removed the case to this Court, invoking diversity of citizenship jurisdiction and noting that Plaintiff had incorrectly named it. Not. [1] at 1 n.1. On August 8, 2022, Plaintiff filed a First Amended Complaint [4], identifying Gray Media Group, Inc., successor-by-merger to WLOX, LLC, f/k/a Raycom Media, Inc. as the correct Defendant. 1st Am. Compl. [4]. The First Amended Complaint [4] raised two claims against Gray Media: (1) a violation of the Mississippi Consumer Protection Act ("MCPA") (Miss. Code Ann. §§ 75-24-1 et seq.); and (2) a violation of the Mississippi Antitrust Act ("MAA") (Miss. Code Ann. §§ 75-21-1 et seq.). 1st Am. Compl. [4] at 4-5.

On August 8, 2022, Plaintiff filed his present Motion [5], which is merely a copy of the First Amended Complaint [4], and requests an injunction "to trade as

2

equal citizen/religious based production as others that Defendant trades with or equal production [sic] Defendant offer [sic] themselves." Mot. [5] at 1 (emphasis removed). The Court construes Plaintiff's Motion [5] as a request for a preliminary injunction. Gray Media has filed a Response [24] in Opposition, and Plaintiff has filed a Reply [28].

On August 12, 2022, Defendant filed a Motion [11] to Dismiss the First Amended Complaint [4]. Mot. [11]. Plaintiff filed a Response [17], and later an Amended Response [27]. On August 25, 2022, Plaintiff filed a Motion [30] to Fix Clerical Mistakes on Current Complaint. Mot. [30]. Defendant filed a Response in Opposition [31], and Plaintiff filed a Reply [32]. Thereafter, Plaintiff filed a Motion [33] to Amend or Correct the First Amended Complaint [4]. Mot. [33]. Defendant filed a Response in Opposition [35]. On September 22, 2022, the Court granted Plaintiff's Motion [33] to Amend, denied Plaintiff's Motion [30] to Fix Clerical Mistakes as moot, and denied Defendant's Motion [11] to Dismiss without prejudice, with leave to reassert. Order [36].

On the same day, Plaintiff filed his Second Amended Complaint [37]. 2d. Am. Compl. [37]. The Second Amended Complaint [37] alleges largely the same facts as the First Amended Complaint [4], with some modifications as to dates and other details. *Compare* 1st Am. Compl. [4], *with* 2d Am. Compl. [37]. In addition to raising the same two claims under the MCPA and the MAA as the First Amended Complaint [4], the Second Amended Complaint [37] also raises a third claim, unlawful discrimination by a "public business" in violation of Title II of the Civil

Rights Act of 1964 (42 U.S.C. § 2000a). *See* 2d Am. Compl. [37] at 12-13. On September 30, 2022, Gray Media filed the present Motion [39] to Dismiss with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See generally* Mem. [40]. Plaintiff filed a Response [41] and Memorandum [42] in Opposition.

## II. DISCUSSION

A. Relevant legal standards

1. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss filed under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)). Moreover, "all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). To avoid dismissal, a plaintiff must plead specific

facts, not conclusory allegations. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006).

2.   Preliminary injunction standard

Federal Rule of Civil Procedure 65 sets forth the requirements for a preliminary injunction. *Sanders v. Itawamba Cnty.*, No. 1:17CV217-DAS, 2018 WL 1770487, at *1 (N.D. Miss. Apr. 12, 2018). In order to obtain a preliminary injunction, the moving party must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that irreparable injury will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that granting the preliminary injunction will not disserve the public interest. *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

"Injunctive relief is an extraordinary remedy." *Dung Quoc Pham v. Blaylock*, 712 F. App'x 360, 363 (5th Cir. 2017) (internal quotation marks omitted) (quoting *Miss. Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). A motion for preliminary injunction should not be routinely granted, but rather only when the moving party clearly carries the burden of persuasion. *Black Fire Fighters Ass'n of Dallas v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990). "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Miss. Power & Light*, 760 F.2d at 621.

B.  Plaintiff fails to state a claim under the MCPA, MAA, or Title II of the Civil Rights Act of 1964

1.  Plaintiff's MCPA claim

The MCPA creates a private right of action in favor of

> any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property . . . as a result of the use or employment by the seller, lessor, manufacturer or producer of a method, act or practice prohibited by Section 75-24-5 . . . .

Miss. Code Ann. § 75-24-15(1). Before filing a claim under the MCPA, a plaintiff "must have first made a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General." Miss. Code Ann. § 75–24–15(2).

Plaintiff states that he "has a Consumer Mediation letter from the Attorneys [sic] General Office concerning this matter and it is available for request during discovery." Reply [28] at 2-3; 2d Am. Compl. [37] at 2. Gray Media points out that Plaintiff did not attach the letter to his Second Amended Complaint [37], and that he does not allege when any purported communications to or from the Mississippi Attorney General's office occurred. Mem. [40] at 10-11.

Even assuming the letter exists and that it satisfies the prerequisite of attempting an informal dispute resolution, Plaintiff still fails to state a claim under the MCPA. In support of his MCPA claim, Plaintiff alleges that Gray Media disparaged his "religious business," 1st Am. Compl. [4] at 4; 2d Am. Compl. [37] at 11; Mot. [5] at 4, but he does not identify the "goods or services" he purchased or leased, or the purpose for which such goods or services were purchased or leased, *see*

Miss. Code Ann. § 75-24-15(1) (explaining that a private cause action under MCPA is only available to a "person who purchases or leases goods or services primarily for personal, family or household purposes"). In addition, Plaintiff does not allege any "false or misleading representation of fact" that Gray Media made about his business. Miss. Code Ann. § 75-24-5(h) (defining disparagement). In his Reply [28] and Second Amended Complaint [37], Plaintiff directs the Court to the "negative press" that Gray Media disseminated, but he does not argue that the article was false or misleading. Reply [28] at 3-4; 2d Am. Compl. [37] at 2. For these reasons, Plaintiff has not carried his burden under Rule 12(b)(6) on this claim.

2. <u>Plaintiff's MAA claim</u>

Mississippi Code Annotated § 75-21-1 defines a trust or combine as "a combination, contract, understanding or agreement, expressed or implied, between two or more persons, corporations or firms or association of persons or between any one or more of either with one or more of the others," Miss. Code Ann. § 75-21-1, and "prohibits agreements between market participants to engage in" certain prohibited practices, including restraining trade, *Georgia Pac. Corp. v. Cook Timber Co., Inc.*, 194 So. 3d 118, 121 (Miss. 2016). In order to bring an antitrust claim under the MAA, Plaintiff must establish "standing by proving the existence of an antitrust injury." *Major Mart, Inc. v. Mitchell Distrib. Co., Inc.*, 46 F. Supp. 3d 639, 662 (S.D. Miss. 2014) (internal quotation marks omitted); *see also Waggoner v. Denbury Onshore, LLC*, No. 3:12-cv-257-HTW-LRA, 2014 WL 11290898, at *3 (S.D.

7

Miss. Mar. 31, 2014) (explaining that the test for standing under the MAA is the same as for standing under federal antitrust law).

The United States Supreme Court has defined an antitrust injury as an

> injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful. The injury should reflect the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation. It should, in short, be the type of loss that the claimed violations . . . would be likely to cause.

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.,* 429 U.S. 477, 489 (1977) (quotation omitted). "The antitrust injury should be 'a direct consequence of the alleged antitrust violation' and the injury must be real, not speculative." *Major Mart, Inc.*, 46 F. Supp. 3d at 662-63 (quoting *Walker v. U-Haul Co. of Miss.,* 747 F.2d 1011, 1014 (1984)).

Plaintiff alleges that Gray Media "conspired with its subsidiaries" to prevent him from advertising his "services" and banned him from their monopoly of "180 [TV] stations across 113 markets abroad and in the 50 States." 1st Am. Compl. [4] at 5; 2d Am. Compl. [37] at 12; Mot. [5] at 5. He alleges that Gray Media, through WLOX, caused him "serious damage" and "destroy[ed] [h]is brand" by refusing to air his advertisements. 1st Am. Compl. [4] at 3, 5; 2d Am. Compl. [37] at 10, 12.

These speculative statements about vague anticompetitive effects are insufficient to create antitrust injury. *See Roy B. Taylor Sales, Inc. v. Hollymatic Corporation*, 28 F.3d 1379, 1385 (5th Cir. 1994). Moreover, Gray Media's refusal to contract with Plaintiff, by itself, does not establish an antitrust injury. *BRFHH Shreveport, LLC v. Willis Knighton Med. Ctr.*, 176 F. Supp. 3d 606, 627 (E.D. La.

8

2016). For these reasons, the Court finds that Plaintiff has not stated a claim under the MAA.

3.  Plaintiff's claim under Title II of Civil Rights Act of 1964

As to Count III of the Second Amended Complaint [37], Plaintiff states: "[u]nder the federal Civil Rights Act of 1964, discrimination in public businesses in the United States is prohibited on the basis of race, color, religion, or national Origin." 2d Am. Compl. [37] at 12-13. The Court construes Count III to allege a cause of action arising under Title II of the Civil Rights Act of 1964, which provides:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a). To bring a claim of discrimination under Title II, a plaintiff must show that (1) he is a member of a protected class; (2) he attempted to contract for the services of a public accommodation; (3) he was denied those services; and (4) the services were made available to similarly situated persons outside his protected class. *Procter v. Host Int'l, Inc.*, No. 3:16-CV-399-LG-RHW, 2017 WL 4779432, at *4 (S.D. Miss. Aug. 2, 2017).

Plaintiff does not allege any facts that would qualify Gray Media as a "place of public accommodation," as required to state a claim under Title II. Defendant's business is a media company – a category of businesses that is not included on the list of qualifying establishments enumerated by Title II. *See* 42 U.S.C. § 2000a(b). At least one federal district court has held that a similar business is not a "place of

9

public accommodation." *Brown v. W. Communs. Inc.*, No. 19-cv-04047-MMC, 2019 U.S. Dist. LEXIS 120866, at *3 (N.D. Cal. July 19, 2019) (finding that the plaintiff failed to state a claim under Title II where discrimination claims were "predicated on events that allegedly took place at a 'newspaper office' . . . an establishment that does not constitute a place of public accommodation within the meaning of [Title II]"). Moreover, despite Plaintiff's allegation that Gray Media "continues to contract with white-owned and otherwise controversial content producers," but "refuses to allow the Plaintiff to advertise his religion and his cause on its platform," he fails to identify any specific comparators outside of his purported protected class that were provided services or otherwise treated better by Gray Media. *See* 1st Am. Compl. [4] at 3; 2d Am. Compl. [37] at 9-8. This is fatal to his Title II claim. *See Fahim v. Marriott Hotel Servs.*, No. H-06-4035, 2008 WL 1821513, at *6 (S.D. Tex. Apr. 22, 2008) (finding that the plaintiff failed to state a claim under Title II where she alleged that a hotel did not accept her airline voucher because of her race and/or religion, where she did not "specifically identify a comparator," and where she merely articulated a "general argument about other Air France passengers who presented vouchers at the Marriott that night."). For these reasons, the Court finds that Plaintiff has not stated a claim under Title II of the Civil Rights Act of 1964.

4. <u>Plaintiff's claims should be dismissed with prejudice</u>

"Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable, or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart*

10

*v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). Plaintiff has attempted to amend his complaint no less than five times in this case, and has successfully done so twice. *See* 1st Am. Compl. [4]; 2d Am. Compl. [21] (stricken per Order [22]); Mot. [26]; Mot. [30]; Mot. [33]. The Court finds that any further attempt to amend would be futile, given Plaintiff's numerous prior opportunities to correct his defective claims. *See Jesus v. Lamar Advertisement, LLC*, No. 1:21-cv-230-LG-JCG, 2021 WL 4342727, at *5-6 (S.D. Miss. Sep. 23, 2021) (dismissing Plaintiff Father Jesus's claims in that case with prejudice, concluding that his claims were wholly lacking in factual and legal support and finding "that an amendment would not correct the issues in the Complaint identified in this Order," where his prior attempts to amend confirmed his "misguided claims and legal theories" behind the lawsuit).

This Court also took note of Plaintiff's numerous opportunities to bring his claims, and specifically cautioned Plaintiff that, in light of his previous attempts to amend and his many lawsuits against Defendant and alleged co-conspirators arising out of the same set of facts, "further amendments may not be permitted." Order [36] at 5-6; *see Father Jesus v. WLOX Television*, No. 1:21-cv-0251-TBM-RPM, Order [8] (S.D. Miss. Feb. 8, 2022) (dismissing the case without prejudice for failure to prosecute and respond to a court order); *Jesus v. WLOX Broad. Co.*, No. 1:22-cv-103-HSO-RHWR, 2022 WL 1310153 (S.D. Miss. May 2, 2022) (dismissing the case without prejudice); and *Father Jesus v. Lamar Advertisement, LLC*, No. 1:21-cv-230-LG-JCG, 2021 WL 4342727 (S.D. Miss. Sep. 23, 2021) (dismissing the

11

case with prejudice). For these reasons, the Court finds that Plaintiff's claims should be dismissed with prejudice.

C.   <u>Plaintiff fails to demonstrate the requirements for a preliminary injunction</u>

There is no likelihood of success on the merits because Plaintiff's claims do not pass muster under Rule 12(b)(6). *See Berry v. Labor Finders*, No. 3:20-CV-717-CWR-LGI, 2021 WL 6618591, at *2 (S.D. Miss. May 4, 2021) ("[Plaintiff's] Complaint, however, fails to state a claim. Hence there is no likelihood for success on the merits."). Therefore, Plaintiff fails to satisfy the first requirement for a preliminary injunction for the same reasons he fails to state claim as to any of the three Counts alleged in the Second Amended Complaint [37]. Plaintiff also fails to show an irreparable injury. Although Plaintiff claims that his business has been damaged by Gray Media's actions, his Motion [5] does not identify any irreparable injury he will suffer if an injunction is not granted, and he fails to show why any alleged injury could not be remedied by monetary damages. *See generally* Mot. [5]; 1st Am. Compl. [4]; 2d Am. Compl. [37]; Reply [28]; *see also Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) ("[A]n injury is irreparable only 'if it cannot be undone through monetary remedies.'" (quoting *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984))). Having found that Plaintiff cannot establish either of the first two elements of an entitlement to preliminary injunctive relief, the Court need not address the remaining elements. Plaintiff's Motion [5] must be denied.[1]

---

[1] Plaintiff requests that Gray Media pay him "reasonable attorney [sic] fees . . . for this motion to be studied, drafted and presented to the Court pursuant [to Federal Rule of Civil Procedure 11(b)]."

## III. CONCLUSION

To the extent that the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Father Jesus's Motion [5] for an Injunction, filed on August 8, 2022, is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Gray Media's Motion [39] to Dismiss with prejudice, filed on September 30, 2022, is **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITH PREJUDICE.** A separate Final Judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this the 18th of October, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

Reply [28] at 8. Federal Rule of Civil Procedure 11(c) requires a request for sanctions be made "separately from any other motion." Fed. R. Civ. P. 11(c)(1). Because Plaintiff's request for sanctions was made in conjunction with his request for an injunction, his Motion [5] should be denied to the extent it seeks sanctions. *Id*.